OPINION OF THE COURT
Charles J. Thomas, J.
*583 Petitioner seeks an order granting permission to file a final accounting on this matter due to the death of Bernice DeCaro and authorizing the executrix of the estate of Leonard DeCaro to turn over to the guardian the value of Bernice DeCaro’s life estate paid to her from the proceeds of sale of the property located at 106-11 95th Avenue, Ozone Park, New York.
On March 8, 1994, Bernice DeCaro, as grantor, signed a deed surrendering her “1/2 interest in [the property known as 106-11 95th Avenue, Ozone Park, New York] being held jointly with the Grantee herein, Leonard DeCaro to Leonard DeCaro,” reserving the following: “The Grantor, herein, Bernice DeCaro, shall have a life tenancy in said premises, rent free. Said Life Tenancy shall cease if Bernice DeCaro is permanently in a hospital.”
On April 1, 2000, both Leonard and Bernice DeCaro were admitted to Jamaica Hospital. Leonard DeCaro died on April 4, 2000, and on April 6, 2000 Bernice DeCaro was transferred to Dry Harbor Nursing Home.
On February 20, 2003, at the request of the executrix of the estate of Leonard DeCaro, this court issued an order approving the sale of the property in which a life estate in favor of Ms. De-Caro existed. Pursuant to the specific direction contained in the order, the guardian signed a deed relinquishing the life estate on March 10, 2003. The property was eventually sold for $272,000. Shortly thereafter, the guardian for Bernice DeCaro calculated the value of the life estate based upon Internal Revenue Service (IRS) rules and demanded payment of $49,843.15 from the estate of Leonard DeCaro. To date the estate has not turned over the payment for the life estate.
On the return date of the instant motion, counsel for the estate did not dispute the amount owed. Olga Andorfer, the executrix of the estate of Leonard J. DeCaro, objects to the payment of the value of the life estate claiming that the life estate terminated and was reverted to the remainder held by Leonard DeCaro. Ms. Andorfer claims that the deed creating the life estate provided that the life tenancy shall cease if Bernice De-Caro “is permanently placed in a hospital.” In their answering papers, neither petitioner nor the Commissioner of Social Services of the City of New York contests this position. Rather, both the City and the guardian for Bernice DeCaro claim that the estate of Leonard DeCaro ostensibly waived the right to assert the termination of the life estate by agreeing that the guardian be granted the power to relinquish the estate.
*584 While there may be little question that the life estate was “relinquishable” by Bernice DeCaro upon her admission to the hospital on April 1, 2004, as the holder of the life estate was never “permanently placed in a hospital” in accordance with the terms specified in the deed, the life estate was never terminated. Parenthetically, the court questions whether the life estate was properly created but as no objection was previously made by the City of New York or the estate of Leonard DeCaro regarding same any objection would be deemed waived, and the court will not address that issue.
The Department of Social Services, however, objects to the valuation of the life estate claiming that valuation based upon the IRS tables is not permitted and that the valuation must be based upon New York City’s Department of Social Services charts. That valuation of the six-year life estate as calculated by the Department of Social Services is $96,176.43.
While the Department of Social Services arrives at a different amount for the value of the life estate, there is nothing contained in the opposition papers that the IRS tables do not provide a fair market value for the property or that there was any agreement to use the Department of Social Services tables for valuation of the property at the time the estate was surrendered. In fact, the Health Care Financing Administration table used by the Department of Social Services states that “[districts may, but are not required to use this table in calculating the value of life estates and remainder interests.” (Emphasis added.)
Therefore, the motion is granted to the extent that the executrix is directed to turn over the sum of $49,843.15 to the guardian of Bernice DeCaro in full satisfaction for her surrender of the life estate.